Oh yes, oh yes, oh yes. The Honorable Appellate Court of the District State of Illinois is now in session. Please proceed. Alright. Good morning everyone. The first matter before the court today is in the Matter of the Estate of Nathaniel Colton Foley. Looks like we have for the appellate Mr. Mount. Am I pronouncing that correctly? That's Mount. Mount. Alright. And Mr. Zito. Welcome back, Mr. Zito. Alright. So before we get started, I believe there were some preliminary matters that need to be addressed. Mr. Mount, you weren't here last time. The motion for substitution, Justice Cates has recused herself. As you will see, she's not here. So obviously your motion is in fact moot. Would you agree? Yes. Alright. Is there anything then for you before this court preliminarily? No, not this time. Alright. And then Mr. Zito, I believe you had a motion for sanctions. Is that correct? That's correct. Alright. Also relating to last year. Alright. And obviously that still stands. However, we would generally take something like that with the case. So we would enter an order at the time of disposition of the order on the underlying merits. Alright? Fair enough. Alright. Anything else then preliminarily? Alright. If you're both ready then for the appellate Mr. Mount, if you want to proceed. And make sure you state your name for the record, please. May I please declare? My name is Walker Mount. I'm here on behalf of the appellants. The estate of Colton Nathaniel Foley. Your Honor, what's before the court today is a standard, straightforward interpretation of a statute. And I know there are a lot of peripheral issues in the case. Unless there are any questions on any of those matters that the justices may have, I'd rather start with the merits on the statute and its application. Section 2-301 is written unambiguously. It says that 30 days after receipt, as tendered by the plaintiff of the release and other documents, that the defendant in the case is to pay within 30 days the amount due under the settlement. In this case, the facts bear out that the payment was remitted five days late, at which point we filed a motion for the judgment of the total amount, the cost, and the interest that was due. Under the statute, 25 minutes later, the lump sum payment was wired to the satisfaction of that amount. And then what proceeded was the facts that led up to this case. The trial court went into language that does not belong on the statute. First, there's two points that the trial court ruled on. First, that there was substantial compliance with the statute. And on another balance, separately, that the statute really meant shall take action to pay when you said shall pay. Both of those are or both of those- What's the difference? Shall take action and shall pay. What's the difference? So I think the distinction there is shall take action to pay would be putting it in the mail or trying to, if you're at a restaurant. If you go to a restaurant, you get your bill, and you go up to the cashier, and you give them a check. The check bounces. You have not paid. Or if you give them your card, they swipe your card. Payment is declined. I would say that those are actions that would say they took action to pay. And in this case, if the statute said shall take action to pay, I think that their actions would suffice. But it doesn't say that. It says shall pay. And if I go to a restaurant, order food, and go up to the cashier, and they say pay at the counter, and my card is declined, I didn't pay. And we didn't really address this in our briefs, Your Honor. But I did do a quick look on whether or not Black's Law Dictionary had anything to say about pay, and I found a case from the Seventh Circuit, the Wisconsin Division. That case was effectively overturned on a different issue. Is this case in your brief? No, it is not in my brief. But I can give you the citation for it. But more importantly, the United States Court of Appeals for the Fifth District is good law, and it refers to, it is examining the word pay, and it provides a couple of definitions. The first one, it has Merriam-Webster's Dictionary. It says to discharge indebtedness or to make disposal or transfer of money. The American Heritage Dictionary, it's to discharge or settle or to give or bestow. Black's Law Dictionary says transfer money that one owes to another person or a company. And another final definition it has is the money or other valuable things so delivered in satisfaction of an obligation. And I know that the courts below seem to insinuate that there is a difference because in the statute it gives the word tender for things that are done by the plaintiff and pay for the defendant's actions. I think that there is a reason that they use the two different words. They define tender, and I think that's because that is delivery of documents. That is the release in other documents. They use the word pay because that's a discharge of a debt. But you agree that you can tender pay as well, correct? Yes, and I think the fact that the court defined tender in the statute, they were using that to define a difference between the two actions. So in terms of this statute, tender means turning over documents. But even if you were to say that there is that other meaning of tender, I think that tender would be with take action to pay. So I think tender would be on tendering you my debit card, I'm tendering a check to you, but payment would not be fulfilled until the debt was satisfied ultimately. And I think that that's the difference between the two words. I think that they both work in the statute and practically both play out the way they're supposed to. The trial judge in this case in the last paragraph of its order of July 1, 2025, on this particular motion noted that the purpose of this statute is to require settling defendants to be diligent in preparing settlement documents and paying out settlements upon execution of those documents. And is it your position here that the insurance company was not diligent? I don't think we would say that the insurance company was not diligent. I think that to the extent that diligence or good faith is a consideration under the statute, I think that's baked into the 30 days. I also think that if—so I think the statute is crafted in a way that the 30 days accounts for any good faith or due diligence, saying if you send the payment the day after and it takes 14 days in the mail and it doesn't get delivered, you have another 15 days. And I also think the statute also has language saying unless otherwise specified by the parties. I think if by day 28 the defendants had realized that we had not received payment yet, we could have filed a joint motion for an extension of time in the court and that that would have been unless otherwise agreed to by the parties and would have extended the time. But that was never done in this case, especially if the parties had discussed the statute and payment days, at least a week before the deadline. If at that point there was any problems in there, we could have filed a motion together saying we want to set up another 30 days to make sure everything goes. That didn't happen in this case. So I think to say that there would be a diligence out for defendants under the statute, I think that the way out of that is to make another agreement setting aside the 30 days. Well, but that presupposes that you're going to agree, right? What if you don't agree? Does that change the fact? I mean, they still have good faith, right? I think that if they disagree, I think there could be an argument for unclean hands on if the statute ran and then we, the plaintiffs, came in and said, well, you were late under the statute. But then at that hearing they said, well, we approached the defense. We told them we had these problems. But the statute doesn't say that, correct? I mean, the statute doesn't specifically allow for unclean hands or any provision for that. No, and unclean hands is a common law remedy, so it wouldn't necessarily always be brought into that. But I think that could be a potential consideration by the court. We do maintain, though, that that is not in the statute, and the statute requires payment in 30 days. And as the record shows, the defendants were able to pay within one day. Twenty-five minutes after we filed our motion, they wired the money to us, and we received it within 25 minutes. So ultimately, if the concern was, if the concern under the statute is payment quickly or the mail or any of that, it is the practical realities of our society today that payment within a day is possible, as was shown in this case. So I think that that is all kind of baked into the 30 days. But there's no case law interpreting this. Is this right? No, and I think both parties at the trial court hearing, both in the judge admitted that there was no cases addressing this issue. I know that many statutes get unlitigated for long periods of time, just because either the parties don't want to pay for the cost of appealing a certain issue. It might not be in their cost-benefit analysis to do so. Other reasons why, just most defendants would pay within the 30 days, and there's no problem. I don't think that that lessens the effect of a law by any means, though. So I would like to now move to the remedy argument that defendants bring up in their briefs. This policy was not reached at the trial court level because the trial court denied our motion, but I think it's important to address the double payment issue that was brought up. In this case, under the statute, it does say that judgment will be entered for the amount not paid, costs and interest. Now, defendants want to argue that because they paid before the hearing could happen, that if the judge was to enter a judgment, they would have to effectively pay twice. And for the record, we never asked for that. We're not asking for that. If the judge would come out and give that, we would only ask for the cost to retrieve the interest and the interest itself. I think that's consistent with how judgments are routinely handed out by the court. And I think to adopt that interpretation of the remedy would effectively render the statute itself meaningless, and it would never be enforceable because the minute anybody would have, let's say they were late by 30 days, if we were to submit a petition to the court under the statute, and then an hour later they'd pay their judgment and then come into this court. So under the Foley case, as long as the judgment is satisfied before the hearing, then the interest isn't applicable, then the statute would effectively never be enforced. And I think that would convert the statute from a prompt-to-pay statute to something more as a mechanism to force payment but not have any penalty involved with it. And so I think that that remedy argument doesn't really hold a lot of water. It doesn't do a lot of work. The only other point I would like to mention to your honors is the fact that in this case, the pen, although it was only five days late, I think if the court gets into the business of deciding if five days later is good faith but 10 days later is not, I think you get into a line-drawing problem of where to draw the line on good faith. I think that could increase the litigation from no cases on this issue to maybe many cases on this issue. What if the line was that they made a good-faith effort to pay it before the deadline? In this case, I think the check was actually cut the 7th of the month, and then it didn't make it, so they had to reissue it. But if that comports with the purpose of the statute, diligence, to get the payment out in time, why can that not be the line, looking at it from that standpoint? Sure, Your Honor. I think two points on that. First, I would agree, would reiterate that I think cutting a check is still taking action to pay and not paying. I think payment requires the fulfillment of a debt. And so I think, first of all, I think cutting the check and the check not being received on time would still be in violation of the statute. But, second of all, if the court were to say that that was fine, I just wonder where that ends. So if they try to do it before the deadline and, let's say, 14 days after the deadline, it still hasn't been received, and then they try again, does that good faith keep tolling multiple times as long as it connects back to the initial attempt to pay? I don't know if that can be the way the statute's administrated, because essentially we'd be giving them unilateral continuances throughout the entire life of the case. So I don't think that that statute can work that way. Now, again, if you want to say they get one chance after that to try to pay, I think, again, we're just rewriting the statute in various different ways to provide outs for defendants who are trying to pay and not paying. So, Mr. Monk, you're saying when a bill is due, a bill is due? Absolutely, Your Honor. So when I pay a bill, it's due on the due date? Absolutely. All right. No grace period? No. No grace period? Under the statute, there's no grace period. No grace period? Absolutely. Unless you agree to it? Unless the party wants you to agree to it. That's a pretty hard line to take. Would you agree? I personally agree, Your Honor, but I'm not an elected official in the state of Illinois, and I did not craft the statute. And I think the trial court judge had issues with the statute. I think my friend on the other side has a problem with the statute. But at the end of the day, if they want to go and ask their local assemblyman to change the statute, by all means, they can go do that. But the way it's currently written says they have 30 days unless agreed to otherwise. Or they're at your mercy, because Mr. Zito's client is then at your client's mercy then, right? To agree or not agree at the mail's late or anything else.  But there's also – but I think there's also a consideration – I mean, we're here on this case because of late payment. But there's also actions that have to be taken by my client under the statute, which is to tender the release, assigned release, and release of liens, attorney's liens, and all those things, which were given to the defendant when they walked out of the courthouse after approval of the settlement. So I think if we would have delayed on that, I'm not sure that we wouldn't be at their mercy, and the roles couldn't easily be reversed. So I think the fact that we limited all of the things on our end on the day of, and there were problems on their end, I think – again, I think that's just the practicalities of the case. So I think it cuts both ways, honestly. If there are no further questions, I'll just rest until rebuttal. Sure. Any questions? No questions, thank you. No questions? Okay. Thank you, Your Honor. All right. Mr. Zito, if you would, state your name for the microphone. May it please the Court, Richard Zito on behalf of the Respondent at the Lee, Colin Dodd. Your Honors, a couple of things about this statutory interpretation I want to cover in response to what Counsel for Appellant just stated. For one, while this Court is sitting and interpreting 2301's application here, I don't want to give short shrift to the procedural questions that also attend this appeal. But before we get there, let me just quickly address some facts in the record that might have been conflated a bit during Appellant's presentation. And the first thing is that the payment was made in full some three weeks before the operative instant petition was filed in probate court. They had received the payment in full when they filed the petition. In fact, they had it for about three weeks before filing the petition. And the reason that matters is simple. It's that the statutory framework does not permit a payment-only interest. It says on its own terms, and if Appellant wants to take the statute as it's written, they have to also take the fact that there's no mechanism for the payment of interest only under the statute. It only contemplates payment of the full judgment amount. And that doesn't make sense if the judgment amount has already been paid in full, as is the case here. Again, we're being asked, the Court's being asked, whether or not 2301 entitles the plaintiff to relief under the statute when, as it seems it's been conceded, there was diligence in effectuating payment or steps taken toward payment and circumstances beyond anyone's control frustrated those attempts. And there was no allegation or anything in the record supporting any malfeasance here. What about this point, though? I mean, why not just wire transfer the money? Why not just send the money? I think, I mean, wiring is one way to transmit funds. I know that certain insurance payors don't like wire because it's sometimes susceptible to fraud. And so there's a preference among some insurance carriers to send a check. Here, they nailed it. They cut a check, and they initiated the payment through a software system that failed. And there's nothing in the record to suggest that that isn't true or that somehow that was egregiously negligent on their part. It just happened. So they restarted the process, and a check was then cut well in advance of the payment deadline. That check, thanks to the U.S. Postal Service, got lost in the mail. So the comedy of errors sort of begins at that point. Once we realize that the check is lost in the mail, they reissue payment through a wire. Now, I think the implication my friend made is that, or the insinuation, I should say, that my friend made is that the wire took place in direct response to the filing of the petition. I'm not sure that that's true in this record. I think that there was a recognition that the payment was lost, and then steps were taken to remediate that. And then notice of the payment came to plaintiff. So why not ask for an agreed order for the delay? Why not put it in writing? I mean, why ask for the delay? Yeah, I don't think there was a sense among the parties that such an agreed order would be necessary because the insurance carrier and respondent were confident that they were taking every step and sort of going above and beyond to ensure that payment was made as quickly as it could be in light of the strong headwinds that it was facing because of a technical glitch and then the post office's dropping the ball. So, I mean, it would be great if we had an agreed order. I don't know that we'd get an agreed order. Given the fact that they fired off a motion to enforce it the day after it was due, I don't get the feeling that appellants and their counsel would be amenable to an agreed order or an extension given the fact that we're here after only five days away. I, you know, let me quickly, I don't want to give short shrift to the procedural stuff. And the main thing is that this whole entire petition may be a nullity because Mr. Dodd was never, well, first of all, this was a probate administrative thing. This was not an adversarial process in the beginning when it was in the probate court. To the contrary, it was just in re the state of Foley. There was no respondent name because it was a non-adversarial proceeding. It was a statutorily necessary process and case made necessary by the fact that they needed to get court approval of the distribution of the settlement proceeds to the miners. That's why we were in state court. This is a federal case pending in the southern district of Illinois. And there was a settlement of that case that was subject to federal law, in fact, federal procedural law governing that settlement. And there was a settlement agreement that specifically mentioned 2301C and incorporated that into the agreement and omitted 2301D and E relating to the timing of payments. So we would argue, not even getting into the eerie questions, that the party specifically contracted to include part of 2301C into their federal agreement and omitted D and E. And so that provides another basis for rejecting the application of 2301 to this case. I'll also point out that because this was a non-adversarial proceeding, the plaintiff's amendment of that to add a defendant essentially and to transform that probate proceeding into a collection or seeking a money judgment against a previously unnamed defendant is improper without service. Except there's an entry of appearance on file by Ms. Livingston, correct? Isn't that a submission to the jurisdiction of the court at that point? That entry of appearance related to approval of the settlement. And that was too... But once you're in, you're in, counsel, right? Once you're in, you're in, but that could lead to some mischief down the road. In that here, they were in to deal with the distribution issue. And I'll admit, the GAL fees issue. But after that appearance was made, and by the way, the only reason why an appearance was filed by predecessor counsel was because the court mandated that somebody file an appearance in order to be present in a sealed courtroom because it involved the minor children. Which makes sense, right? I mean, and it just pretty... I mean, when you see an entry of appearance, we assume that they've submitted to the jurisdiction as a judge sitting in that court, correct? I mean, you could see... Correct. All right. But had there been an adversarial money judgment sought at that time that the appearance was filed, then we'd have no argument. But because it was added subsequently without proper service of process, that creates a strange setup where you could have a probate matter pending and then back door some sanctions petition or some other thing after the fact. Speaking, those things happen all the time. Family lawyer. You go in to file an uncontested divorce, right? And somebody else comes in and they file their entry of appearance and it blows up. That's sort of what you're saying. It blows up. They're still in the case. You've accepted jurisdiction. You're in the case. The case moves forward. Now, you might file a motion to withdraw that entry of appearance, correct? But I don't believe that that negates jurisdiction, personal jurisdiction or jurisdiction over the matter. So that's where I'm having a struggle with that. That entry of appearance is a struggle for me. Understood, Judge. And I'll just point out that the actual appearance form specifically omitted the name of the respondent. I understand. But it was a general entry of appearance. Would you agree? It was a general appearance form filed in order to obtain access to the court. And so, yeah, I mean, that's true. And that's just something that we can't do anything about. But I think stacking these procedural regularities one on top of another is a problem. And I think that due process is important. And when you have a defendant who has not served with this petition that previously didn't exist that puts him on the hook for money damages, the court should be somewhat solicitous of making sure that due process formalities are observed. It's as if it were an amended complaint. Counsel, before you run out of time, I'd like you to address opposing counsel's argument, where do we draw the line if we do accept the trial court's due diligence rationale here? Where do we draw the line in terms of how late the check can be received? How do you respond to that? I think that the line of good faith would be one way to draw it. I would also argue that if the line were drawn at there being some dispute as to the good faith or a counter affidavit that said, no, no, no, Mr. Squatrillia, the insurance adjuster who was responsible for payment, he's not telling the whole truth here and there were competing versions of the facts, that might provide the court with some pause before just accepting that good faith would be enough. But here we don't have that. Here it's undisputed that the insurance adjuster was diligent. You heard counsel say it himself. Where there's diligence and where the lateness of the payment is only five days and it was received prior to the initiation of the petition itself to recover relief, I think those facts, one on top of another, each of those would be sufficient to warrant denial of a petition under 2301. So I think good faith is the touchstone that drives this. And particularly in this case where we have no allegation, much less anything in the record, to suggest anything but good faith, this is not the case then to impose a strict liability sort of standard where if the legislature wanted to do so, it could make it much more plain in the statute and elect it not to do that. Remind me, I forget, it's been a while since I've read the briefs. Was there any legislative intent or discussion discussed in the briefs? I mean, anything, any legislative history? I don't believe any legislative history was cited in either brief. Okay. Thank you. Are there any other questions I can address regarding a police position? Justice McNeil? No, thank you. All right. Well, with that, we'd ask that the court affirm on either the statutory ground or the procedural grounds that we discussed. And we'll also review the motion prescriptions as well and take that into consideration. Thank you. Thank you. Rebecca? Yes, Your Honor. If this is court. I'll take my time just to briefly address some of the personal jurisdiction issues that were raised by counsel. First, with regard to all of the things that he says they pile up, I think that's a smoke screen. I think he's trying to blur the issues that matter in this case. But regarding his argument of due process and service, all of the rules surrounding notice and service to a defendant are so that they have the right to defend their rights in court and provide their defenses. That's why we have rules for constructive notice and rules such as submitting and waiving jurisdictional issues. I think all of those would apply in this case. The defendants appeared in open court. They made arguments. They asserted their rights. I think any notice to them, especially because they already knew about the statute. The statute was incorporated into the agreement, expressed therein impliedly, and also we had to let them know about the statute at that time. So any of the due process concerns having to do with notice or service, I think are moot. I think they had well enough time to prepare a defense. They had enough time to present their defense, argue their defense. We're here now. So I think as far as any of that goes, I think that there's at least constructive notice regarding all of that, not to mention waiver. I also would like to point out that he says that, you know, he's not that they didn't wait five days on purpose. There was no bad faith, all of that, and that they didn't want to drag it on. But I think the point that I made earlier still stands is that if good faith gets to trail through multiple continuances on their own, if they continue to say, well, we continue to make good faith efforts to pay, we continue to make good efforts to pay, I don't know how far that goes. And I think his point about having a good faith inquiry also reads in an extra step in the statute, saying that not only is the court going to have a hearing on it, but the court's also going to do a good faith inquiry. If that's not there, I don't think that that is part of what the statute requires. So at the end of the day, if the court has no further questions, we will ask that the court reverse and remand for proceedings consistent with the court's intention. Any questions? No questions, thank you. All right, thank you. Thank you. We will take this issue under advisement, and we will issue an order in due course. Appreciate it. Thank you, Mr. Zito, for coming back again on this matter. All right, thank you.